No. 2141

Second Circuit

## STANDARD PIPE LINE CO., INC., v. HUCKABAY

(November 6, 1926. Opinion and Decree.)
(December 11, 1926. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Quasi-Contracts—Par. 16.**

One who borrows pipe from its owner, without the owner's consent, and later decides to keep it, will be required to pay the owner the reasonable value of the pipe so taken, and cannot himself dictate the price.

2. **Louisiana Digest—Sequestration—Par. 25, 29.**

On a rule to hold the sheriff responsible, as for having accepted insufficient security on a bond releasing to a defendant property sequestered as provided by Article 279 of the Code of Practice, plaintiff cannot recover until

he has shown that the security taken was insufficient.

C. P. 279.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

Action by Standard Pipe Line Co., Inc., against Dr. L. S. Huckabay.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

T. M. Milling, F. L. Hargrove, of Shreveport, attorneys for plaintiff, appellant.

S. M. Cagle, of Coushatta, attorney for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J.   This is a suit to recover $589.87, as the value of 150 joints or 3288 feet of 2-inch pipe and for sequestration of the pipe.

The defendant bonded the sequestration and answered on the merits denying liability on the ground that he had only borrowed the pipe.  He asks that the sequestration be dissolved and for judgment in reconvention against plaintiff for $150.00 as damages for the wrongful issuance of the writ.

Plaintiff filed a rule on the sheriff, W. H. Elliott, to show cause why A. F. Masingill, the surety on the release bond, should not be held insufficient and he, the sheriff, held as surety in his stead.

On these issues the case was tried.

The rule to hold the sheriff as surety on the release bond instead of the surety, A. F. Masingill, was denied and the rule discharged, and, on the merits, judgment was rendered in favor of the plaintiff and against the defendant for $218.60, sustaining and perpetuating the writ of sequestration and rejecting the defendant's reconventional demand.

Plaintiff appealed.  Defendant did not appeal.

## OPINION

In paragraph 2 of his answer defendant admits getting 150 joints or 3288 feet of 2-inch pipe from plaintiff, and document filed in evidence as plaintiff's exhibit 1 clearly establishes that defendant elected to keep and pay for the pipe.

The only question left for decision is the value of the pipe taken.

D. W. Spurlock testified, page 21:

"Q.  What is your occupation?

"A.  I am purchasing agent.

"Q.  What was the value of standard two-inch (2″) line on or about April 3rd, 1923?

"A.  The value of pipe where it is bought direct from the mill in carload lots would be about twenty and a half cents (20½c), direct from the mill.  The value of this pipe if bought from a local supply company in carload lots would be about twenty-two and a half cents (22½c).

Page 73

"Q.  Would eighteen cents (18c) per foot have been an exorbitant price for that pipe?

"A.  I don't think so.

"Q.  Would it be reasonable?

"A.  I think it is very reasonable.

L. C. Judy testified, page 59:

"Q.  I will ask you, Mr. Judy, what was two-inch (2″) pipe worth in April of this year?

"A.  Well, I cannot be just exact, but twenty-one cents or twenty-two cents.

Page 64

"Q. Now, how much was National Tube selling for wholesale in February, 1923—two-inch (2″) pipe?

"A. I don't remember; I think about twenty-one cents (21c) or twenty-two cents (22c), retail."

W. B. Nelson testified, page 74:

"Q. Mr. Nelson, what was the condition of this pipe in April at the time it was taken?

"A. First-class second-hand pipe.

\* \* \* \*

"Q. Was it pitted any?

"A. No, sir.

"Q. How were the threads in the couplings?

"A. All right; could not be otherwise; never been laid but once.

"Q. As good a condition as when the pipe was first received?

"A. Yes, sir; I would just as soon have it as new pipe.

"Q. The pipe was as good as new pipe?

"A. I say I would just as soon have it.

"Q. Just as serviceable as new pipe?

"A. Yes, sir."

This evidence satisfies us that the price plaintiff demands for its pipe, slightly less than eighteen cents per foot, is a reasonable one. Besides this, the defendant having appropriated the pipe for his own use without the owner's consent, he is in no position to haggle over what he should be made to pay for it. He will be required to pay the reasonable value of the pipe at the time and place he got it. Under all the evidence we think the price sued for a fair one.

On plaintiff's rule to hold the sheriff as surety on the release bond in place of the surety, A. F. Masingill, the surety, A. F. Masingill, testified, pages 1, 2 and 3:

"Q. Mr. Masingill, you signed the bond executed by L. S. Huckaby as principal and yourself as surety in this case?

"A. Yes, sir.

"Q. What property do you own that is subject to seizure?

"A. I don't know that I own any subject to seizure.

"Q. Mr. Frank, your home is worth how much?

"A. About forty-five hundred ($4500.00) dollars.

"Q. You mean that it would sell for forty-five hundred ($4500.00) on execution?

"A. I don't know, sir; I gave forty-five hundred dollars for it. I would not take that for it.

"Q. What is the total amount of your debts?

"A. O, I could not—I would be afraid to tell you all about that. I owe too much.

"Q. Do you owe as much as three thousand dollars?

"A. No, sir.

"Q. Two thousand dollars?

"A. No, sir."

This is the only evidence as to whether or not Mr. Masingill was solvent and a legal surety on the bond for $600.00 signed by him. It shows that at the time he signed the bond he owned property worth more than $600.00, over and above his debts. The property is shown to be worth $4500.00 and his debts were less than $2000.00, leaving a margin of $2000.00 of assets over liabilities. It is not shown that he was entitled to a homestead exemption, and the burden was on plaintiff to show that he was not a good and solvent surety on the bond before it can hold the sheriff as surety thereon in his stead. As the plaintiff did not discharge this burden, the rule on the sheriff was properly dismissed.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended by increasing the amount awarded Standard Pipe Line Company, Inc., from $218.60 to $589.87, with legal interest thereon from May 8, 1923, and all costs of suit, and that in all other respects the judgment appealed from be affirmed.